## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KEVIN GEORGE                                              CIVIL ACTION

VERSUS                                                   NO.  12-2128

WARDEN LYNN COOPER                                       SECTION "S"(2)

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Kevin George, is currently housed in the Avoyelles Correctional

Center in Cottonport, Louisiana.[2]  George and two co-defendants, Dwayne Harvey and

Ashley Williams,[3] were charged by bill of information in Orleans Parish on April 3,

2007, with possession with the intent to distribute marijuana.[4]  The Louisiana Fourth

Circuit Court of Appeal summarized the facts of the case as follows:

> Testimony at trial reflects that on February 1, 2007, Officer Brian
> Elsenhorn of the New Orleans Police Department was conducting
> surveillance at the intersection of Mandeville Street and North Derbigny
> Street.  From a concealed position, Elsenhorn observed two individuals in
> front of a store located at the intersection walking back and forth and
> looking around in all directions.  Elsenhorn observed two unknown
> individuals walk up Mandeville Street and commence a brief conversation
> with the defendant.  One of these unknown subjects handed the defendant
> some money.  George then retrieved a plastic bag from his jacket pocket
> and handed it to that individual.  These two unknown subjects then walked
> away.   George handed the currency to the subject later identified as
> Dwayne Harvey, who had been standing back and looking about in all
> directions.
>
> Thereafter, a green van drove into the area and stopped.  George
> approached the van and spoke to the driver.  The driver handed some
> money to Harvey, and George retrieved a plastic bag from his coat and
> handed it to the driver.  The van drove away.  Officers Steven Keller and
> Travis Ward attempted to stop the van after it left the area but were
> unsuccessful after losing sight of the vehicle on the interstate.
>
> Elsenhorn continued his surveillance for some time until two marked
> police vehicles, unconnected with the operation, happened to approach the

---

[2]Rec. Doc. No. 1.

[3]Neither Harvey nor Williams are parties to the instant proceeding.

[4]St. Rec. Vol. 1 of 3, Bill of Information, 4/3/07.

intersection. Elsenhorn heard Harvey inform George that police were in the area. The two men then entered the store. After the vehicles had passed, George and Harvey exited the store and nervously looked around. At this point, George called to a female, later identified as Ashley Williams, who had been seated on some steps of a nearby house, to hurry up and bring the bag. Williams took a denim colored knapsack to George and opened it. George removed two medium sized plastic bags from his coat and placed them in the knapsack. Williams then handed the knapsack to Harvey. Believing that the subjects were about to leave the area, Elsenhorn alerted members of his take down team to apprehend the subjects. Armed with descriptions of George and Williams, Officers Mark Boudreau and Jason Samuel apprehended them without incident in the same block as the store.

Officers Keller and Ward were responsible for apprehending Harvey. When they approached Harvey in the 2200 block of North Derbigny Street, he fled down an alleyway and hid underneath a house. The officers were able to remove Harvey from underneath the house and place him under arrest. The knapsack was also recovered. Two large and two medium sized plastic bags containing nearly two pounds of marijuana were found inside the knapsack. Numerous small orange tinted plastic bags containing marijuana were located inside the larger bags.

Officer Elsenhorn then came and identified the three subjects as the same ones he had observed at the intersection, and they were placed under arrest. Elsenhorn also identified the two medium sized plastic bags as the ones he observed George place into the knapsack. Officer Boudreau searched Harvey and recovered $790.00 in U.S. currency from his pants pocket.

Officer William Giblin, a criminalist with the New Orleans Police Department Crime Lab, testified that he tested the substance recovered in the knapsack and that it tested positive for marijuana.

State v. George, 4 So.3d 175, 177-78 (La. App. 4th Cir. 2009); State Record Volume 2 of 3, Louisiana Fourth Circuit Court of Appeal Opinion, 2008-KA-1115, pages 2-3, January 28, 2009.

George was tried before a jury on August 30, 2007, and was found guilty as charged.[5]  On October 4, 2007, the State filed a multiple bill of information charging George as a habitual offender with two prior convictions, one for illegal use of a weapon and another for possession with intent to distribute marijuana.[6]  George pleaded not guilty to the multiple bill.[7]  On November 9, 2007, a multiple bill hearing was held.  At the hearing, the State presented evidence only as to George's prior illegal use of a weapon conviction.  The trial court found George a second felony offender.[8]  On February 21, 2008, the trial court sentenced George to "35 years in the custody of the Department of Corrections as a second offender without benefit of probation or suspension of sentence" and denied George's motion for reconsideration of sentence.[9]

On direct appeal, George's counsel asserted two errors:  (1) The trial court erred in allowing the State to strike two prospective jurors for cause.  (2) His sentence was excessive.[10]

---

[5]St. Rec. Vol. 1 of 3, Trial Minutes, 8/30/07; St. Rec. Vol. 2 of 4, p. 227, Trial Transcript, 8/30/07.

[6]St. Rec. Vol. 2 of 3, Multiple Bill of Information, 10/04/07.

[7]St. Rec. Vol. 1 of 3, Minute Entry, 10/04/07.

[8]St. Rec. Vol. 2 of 3, Multiple Bill Hearing Transcript, 11/9/07, pp. 241-46.

[9]St. Rec. Vol. 2 of 3, Sentencing Hearing Transcript, 2/21/08, p. 255.

[10]St. Rec. Vol. 2 of 3, Appeal Brief, p. 4, 2008-KA-1115, 9/19/08.

On January 28, 2009, the Louisiana Fourth Circuit affirmed the conviction and sentence, finding no merit in the appeal.[11]  George did not seek relief in the Louisiana Supreme Court.  Thus, George's conviction became final 30 days later, on February 27, 2009.  La. S.Ct. Rule X § 5 (allowing a petitioner 30 days from the appellate court's judgment to mail or file a timely writ application); Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (conviction becomes final when the time for seeking further direct review in the state courts expires).

One day short of one year later (364 days), on March 2, 2010, George filed an application for post-conviction relief in the state trial court.[12]  George asserted three errors:  (1) His sentence was excessive.  (2) There was insufficient evidence to support his conviction.  (3) He received ineffective assistance of counsel.  On April 8, 2010, the state district court issued its judgment, denying George's post-conviction application.[13]  On  April 20, 2010, George timely filed a writ application with the Louisiana Fourth

---

[11]State v. George, 4 So.3d at 181; St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 2008-KA-1115, 1/28/09.

[12]St. Rec. Vol. 3 of 3, Uniform Application for Post-Conviction Relief.  The March 2, 2010 filing date represents the date George signed his post-conviction application.  In Causey v. Cain, 450 F.3d 601, 603–607 (5th Cir.2006), it was determined that the "mailbox rule" would be utilized in determining the filing date of state court pleadings for purposes of ascertaining the timeliness of a federal habeas petition. Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir.1995).  The date George signed his post-conviction petition is the earliest date on which he could have delivered it to prison officials for mailing.

[13]Rec. Doc. No. 1, p. 33.  A copy of the state district court's judgment is attached to George's federal habeas petition.

Circuit.[14]  On June 1, 2010, the Louisiana Fourth Circuit, finding no error in the district court's judgment, denied George's writ application.[15]  On June 15, 2010, George timely sought relief from the Louisiana Supreme Court.[16]  On June 24, 2011, the Louisiana Supreme Court denied George's writ application without opinion.[17]

## II.   FEDERAL HABEAS PETITION

More than one year later, on August 22, 2012, the clerk of this court filed George's petition for federal habeas corpus relief in which he asserts the same claims he raised in his state court post-conviction application: (1) He received an excessive sentence.  (2) There was insufficient evidence to support his conviction.  (3) He was denied effective assistance of counsel.[18]

---

[14]St. Rec. Vol. 3 of 3, Supervisory Writ of Review, No. 2010-K-0606.  April 20, 2010 represents the date George signed his writ application.  George had 30 days from the issuance of the trial court's order to mail or file for review in the Louisiana Fourth Circuit.  La. App. Rule 4-3.

[15]State v. George, No. 2010-K-0606 (La. App. 4th Cir. 6/1/10); St. Rec. Vol. 3 of 3.

[16]St. Rec. Vol. 3 of 3, Application for Writ of Certiorari, No. 2010-KH-1497.  George signed his writ application on June 15, 2010.  George had 30 days from the issuance of the appellate court's order to mail or file a writ application in the Louisiana Supreme Court.  La. S.Ct. Rule X § 5.

[17]State ex rel. George v. State, 64 So.3d 218 (La. 2011); St. Rec. Vol. 3 of 3, 2010-KH-1497, 6/24/11.

[18]Rec. Doc. No. 1, pp. 19-20.

6

The State filed a response in opposition to George's petition arguing that his petition was not timely filed under federal law and that he is not entitled to equitable tolling.[19]  The State argues that the petition must be dismissed as untimely.

III.  GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[20] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to George's petition, which, for reasons discussed below, is deemed filed in this federal court on July 18, 2012.[21]

_____

[19]Rec. Doc. No. 16.

[20]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[21]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). George's petition was filed by the clerk of this court on August 20, 2012, when the court's filing requirements had been satisfied. George's signature on the petition was dated July 18, 2012.  This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing.  The fact that he did not satisfy filing requirements until over a month later does not alter the application of the federal mailbox rule to his pro se petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State correctly concludes and I find that George's federal petition was not timely filed in this court under the AEDPA and should be dismissed for that reason.

## IV.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[22] Duncan v. Walker, 533 U.S. 167, 179–80 (2001).

---

[22]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

George argues that his conviction became final on June 24, 2011.[23]  However, June 24, 2011 is the date that his collateral post-conviction proceedings became final. Applying the law cited above,[24] George's conviction became final for AEDPA purposes on Tuesday, February 27, 2009.  Thus, under a literal application of the statute, George had one year from the date his conviction became final, or until Monday, March 8, 2010, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

---

[23]Rec. Doc. No. 1, p. 13.

[24]See discussion at pp. 5-6 of this report and recommendation.

George has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 130 S. Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling);

10

Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.  Flanagan v. Johnson, 154 F.3d 186, 99 n.1 (5th Cir. 1998).  The Supreme Court has clearly described this provision as a tolling statute.  Duncan v. Walker, 533 U.S. 167, 175-78 (2001).

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

11

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition

12

challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").   A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).  Requests for document and transcript copies also are not other collateral review for purposes of the tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA limitations period began to run in George's case on February 28, 2009, the day after his conviction was final.  The limitations period ran

without interruption for 364 days, until Tuesday, March 2, 2010, when George's state court post-conviction application was deemed filed in the state trial court.  On that date, one day before the one-year AEDPA statute of limitations expired, George had a properly filed state post-conviction proceeding pending that tolled the AEDPA statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), until June 24, 2011, when the Louisiana Supreme Court denied his writ application.[25]  At that time, George had only one day remaining, and the one-year AEDPA statute of limitations applicable to his case expired on June 25, 2011.  George did not file the instant action until more than a year later, on July 18, 2012.  Thus, the instant action is time-barred and must be dismissed for that reason.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Kevin George for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

---

[25]See discussion at pp. 5-6 of this report and recommendation.

with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[26]

New Orleans, Louisiana, this _____27th_____ day of February, 2013.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[26]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.